1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RANDALL J. BECKER, *et al.*, | Case No. 2:24-cv-01744-RFB-EJY |
| Plaintiffs, | **ORDER** |
| v. | |
| PEDEGO, LLC, *et al.*, | |
| Defendants. | |

Before the Court for consideration is Plaintiffs Randall Becker, Daniel Becker, Susan D. Becker, and the Estate of Barry W. Becker's (ECF No. 10) Motion to Remand. For the following reasons, the Court grants the Motion and remands this case.

I.    **BACKGROUND**

Plaintiffs, who are Nevada citizens, filed their Complaint in the Eighth Judicial District Court of Clark County, Nevada on July 30, 2024. See ECF No. 1. On the first page of the Complaint "Exempt From Arbitration: Claimed Damages In Excess of $50,000.00" is written in bold. Id. The Complaint seeks compensatory and punitive damages for strict product liability and the wrongful death of Barry W. Becker, as well as attorney's fees and costs. Id.

On July 30, 2024, Plaintiffs sent a courtesy copy of the Complaint to Defendant Pedego, LLC's legal department. ECF No. 10-2. On July 31, 2024, Plaintiffs served Defendant a copy of the Summons and Complaint through Defendant's registered agent, however, the case number and department number on the Affidavit of Process Server was incorrect. See ECF No. 10-3. After Defendant failed to respond to the Complaint by the 21-day period pursuant to Nevada Rule of

1    Civil Procedure 12(a)(1)(A)(i), Plaintiffs again contacted Defendant's legal department on August

2    22, 2024, attaching a copy of the July 31, 2024 Affidavit of Service. ECF No. 10-4. After receiving

3    no response from Defendant, Plaintiffs reviewed the Affidavit of Service and noticed the

4    typographical errors in the case number and department number, corrected the errors, re-served

5    the Complaint on Defendant's registered agent on August 23, 2024, and filed an Amended

6    Affidavit of Service. ECF No. 10-5.

7        On August 29, 2024, Defendant requested an extension of time to respond to the Complaint

8    until September 12, 2024, which Plaintiffs granted. ECF No. 10-6, 10-7. On September 12, 2024,

9    Defendant filed its Answer. ECF No. 10-8. The same day, Plaintiffs filed their Request for

10   Exemption from Arbitration, wherein they indicated the decedent Barry W. Becker had incurred

11   past medical bills amounting to more than $124,173.41. ECF No. 10-9. On September 17, 2024,

12   Defendant filed their Petition for Removal, in which they stated Defendant is a Delaware LLC; it

13   was served on August 23, 2024; removal was proper and timely pursuant to 28 U.S.C § 1446(a)

14   and (b); this Court has jurisdiction under 28 U.S.C. § 1332; and removal was proper under 28

15   U.S.C. § 1441(a)(b). ECF No. 1.

16       On September 18, 2024, Plaintiffs' counsel sent a letter to Defendants' counsel explaining

17   that Defendant's Petition for Removal was improper because it was untimely, since Defendant was

18   served on July 31, 2024. Plaintiffs requested that Defendant voluntarily withdraw its removal

19   petition or stipulate to remand the action. ECF No. 10-15.

20       On September 23, 2024, Defendant filed its Statement Regarding Removal, in which it

21   again stated it first received a copy of the Summons and Complaint on August 23, 2024. ECF No.

22   7. Defendant further stated its owners, members, and officers are located either in New York or

23   Utah. Id. Defendant also stated its notice of removal was filed within 30 days after it first received

24   a copy of the Summons and Complaint. Id.

25       On October 4, 2024, Plaintiffs filed their Motion to Remand. ECF No. 10. On October 15,

26   2024, the parties filed a Joint Status Report Concerning Removal, which stated "Plaintiffs first

27   served their Complaint on [Defendant] on July 31, 2024." ECF No. 11. On October 18, 2024,

28   Defendant filed its Opposition to the Motion to Remand. ECF No. 12. On October 25, 2024,

1   Plaintiffs filed their Reply. ECF No. 13.

2       The Court's Order on the Motion to Remand follows.

3

4   **II.    LEGAL STANDARD**

5       Removal of a state action may be based on either diversity jurisdiction or federal question

6   jurisdiction. City of Chicago v. Int'l College of Surgeons, 552 U.S. 156, 163 (1997); Caterpillar

7   Inc. v. Williams, 482 U.S. 386, 392 (1987); Jordan v. Nationstar Mortgage, LLC, 781 F.3d 1178,

8   1181 (9th Cir. 2015). Diversity jurisdiction under § 1332(a) grants original jurisdiction to a district

9   court when there is both complete diversity of citizenship and an amount-in-controversy exceeding

10   $75,000. See 28 U.S.C. § 1332(a).

11       "The burden of establishing removal jurisdiction . . . lies with the defendant seeking

12   removal." Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011); Geographic

13   Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010)

14   ("[T]he proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the

15   evidence, that removal is proper.") Courts "strictly construe the removal statute against removal

16   jurisdiction," and any doubts as to removability should be resolved in favor of remanding the case.

17   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal

18   jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

19   Id. "The 'strong presumption' against removal jurisdiction means that the defendant always has

20   the burden of establishing that removal is proper." Id.; see also Abrego Abrego v. Dow Chem. Co.,

21   443 F.3d 676, 685 (9th Cir. 2006). A motion to remand based on a procedural defect must be made

22   within 30 days of removal. See 28 U.S.C § 1447(c).

23

24   **III.    DISCUSSION**

25       The parties do not dispute that the amount in controversy exceeds $75,000 and that

26   Defendant Pedego, LLC is not a Nevada citizen, and thus diverse based on Plaintiffs' Nevada

27   citizenship. Plaintiffs move to remand this case because removal was untimely, and in the

28   alternative, argue diversity jurisdiction does not exist based on the alleged Nevada citizenship of

1    Doe Defendants. Because, as discussed in detail below, the Court finds removal was untimely and

2    thus procedurally defective, it does not reach the question of citizenship of any unidentified

3    defendants.

4         **A.  Timeliness of Removal**

5         28 U.S.C. § 1446(b) provides two 30-day time limits for removal. First, if the initial

6    pleading provides a basis for removal, the defendant must file a notice of removal within 30 days

7    of receipt of the complaint or 30 days within being served the summons, whichever is shorter. 28

8    U.S.C. § 1446(b)(1). Second, if the case was not initially removable but subsequently becomes

9    removable based on factual development or amendment, the defendant has 30 days to file a notice

10   of removal after receipt of the amended pleading, motion, or other paper that forms the basis of

11   removal. Id. § 1441(b)(3). See also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th

12   Cir. 2010) (Summarizing the two thirty-day removal periods under section 1446(b).)

13        "The first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading'

14   that reveals a basis for removal." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir.

15   2005). Here, Defendant received a courtesy copy of the Complaint on July 30, 2024, and was

16   served the Complaint through its registered agent on July 31, 2024. Yet Defendant did not file its

17   Petition for Removal until September 17, 2024, 48 days later. Nevertheless, in its Statement

18   Regarding Removal, Defendant stated that it had removed the action within 30 days of receiving

19   the Complaint **on August 23, 2024**, implying removal was timely pursuant to 28 U.S.C. §

20   1446(b)(1). However, Defendant does not dispute that it was initially served on July 31, 2024—

21   and the fact that Defendant sought an extension of time to respond to the Complaint until

22   September 13, 2024, belies the notion that it was not properly served until August 23, 2024. If that

23   were the case, no extension of time to respond would have been necessary since Defendant's

24   response would have been due 21 days after August 23, 2024 service, on September 13, 2024.

25        In both the Petition and Statement Regarding Removal, Defendant alleged the amount in

26   controversy exceeds $75,000 by referring to allegations within the four corners of the Complaint,

27   including that three separate Plaintiffs each seek compensatory damages arising from the death of

28   Barry W. Becker, including for grief and sorrow, loss of consortium, medical and funeral expenses,

and pain, suffering, and disfigurement of the decedent. Only in their Opposition to the Motion to Remand did Defendant—for the first time—assert that removal was timely under 28 U.S.C. § 1441(b)(3), claiming removability was *not* apparent from the face of the Complaint, and instead became apparent after September 12, 2024, when Plaintiffs served the Arbitration Exemption that included Mr. Becker's past medical expenses. But Defendant's argument in its Opposition brief conflicts with the assertion of timeliness in the Petition for Removal, which cannot be amended after the 30-day removal period. See O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1381 (9th Cir. 1988); Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969) (A "removal petition cannot be [after the 30-day deadline] amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made."). And Defendant's Opposition, raising timeliness under § 1441(b)(3) based on the Arbitration Exemption for the first time, was filed on October 18, 2024—36 days after receipt of the Arbitration Exemption. Accordingly, Defendant's Opposition could not amend Defendant's Petition for Removal, and the assertion of timeliness in its Petition for Removal controls.

Consistent with Defendant's representations in its Petition and Statement Regarding Removal, the Court finds from the face of the Complaint that the amount-in-controversy exceeded the jurisdictional limit, given the nature of the claims and damages sought, and the fact that it pled damages exceeding $50,000. Defendant first received the Complaint on July 31, 2024. Accordingly, Defendant's Petition for Removal on September 17, 2024 was untimely, and remand is proper. Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007) ("If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate.")

### B.  Attorney's Fees and Costs

On granting a motion for remand, a court may order the defendant to pay plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). However, in awarding fees

1  and costs, it is not necessary to show that the removing party's position was "frivolous,

2  unreasonable or without foundation." <u>Id.</u> at 138.

3       Here, the Court finds Defendant lacked an objectively reasonable basis for removal because

4  it misrepresented the date it was first served the Complaint to the Court. The timeliness

5  requirement under 28 U.S.C. 1446(b)(1) is well established, and Defendant does not contest that

6  it first received the Complaint on July 31, 2024. Nevertheless, Defendant, in its Statement for

7  Removal, filed after Defendant received Plaintiffs' letter describing the timeliness issue based on

8  the July 31, 2024 date of service, claimed removal was timely under § 1446(b)(1) and failed to

9  disclose the July service date. <u>See</u> ECF No. 7 ("Defendant [first] received a copy of the Summons

10  and Complaint after service was made on August 23, 2024 in Delaware . . . Defendant filed a

11  'Notice of Removal of Civil Action' on September 17, 2024; therefore the case was removed less

12  than thirty (30) days after service.").

13       Further, Defendant was required to provide the entirety of the state court record in its

14  Petition for Removal. <u>See</u> <u>Harris</u>, 424 F.3d at 692 (the notice of removal must provide "a copy of

15  all process, pleadings, and orders served upon [the removing] defendant in such action." (quoting

16  28 U.S.C. § 1441(a)). Yet Defendant omitted the initial July 31, 2024 affidavit of service, and

17  included only the amended August 23, 2024 affidavit of service with its Petition. <u>See</u> ECF No. 1.

18  This omission, together with Defendant's reiteration of the August 23, 2024 service date in its

19  Statement   Regarding   Removal   despite   Plaintiffs'   letter,   evidences   Defendant's

20  unreasonableness—it appears Defendant sought to mislead the Court as to the date of service to

21  disguise the untimeliness of its Petition for Removal. Accordingly, the Court, in its discretion,

22  finds an award of attorney's fees and costs incurred by Plaintiffs because of Defendant's removal

23  is warranted.

24       Plaintiffs have not provided an affidavit from their attorneys outlining the complete costs

25  and expenses incurred, however, they have sought leave to do so in their Motion to Remand. The

26  Court will grant leave and retain jurisdiction solely for the purpose of awarding Plaintiffs their fees

27  and costs incurred in connection with the instant Motion to Remand, pursuant to 28 U.S.C. §

28  1447(c). <u>See</u> <u>Moore v. Permanente Med. Grp., Inc.</u>, 981 F.2d 443 (9th Cir. 1992) (holding it was

proper for the district court to retain jurisdiction after remand to entertain the plaintiffs' motion for attorney's fees because "the award of attorney's fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand.")

### IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the (ECF No. 10) Motion for Remand is **GRANTED**. This case is **REMANDED** to the Eighth Judicial District Court.

**IT IS FURTHER ORDERED** that on or before **October 22, 2025** Plaintiffs shall file a Motion for Attorney's Fees containing an affidavit from the attorney(s) responsible for the billings in this case which includes (1) a reasonable itemization and description of the work performed in connection with the instant Motion to Remand; (2) the amount of the attorneys' fees; (3) an itemization of all other costs incurred in connection with the instant Motion to Remand; (4) a confirmation that the fees and costs charged are reasonable.

**DATED:** September 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**